UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LAWRENCE L. HOWARD,        )
                           )
       Movant,             )
                           )
v.                         )     No. 4:20-CV-1632 JAR
                           )
UNITED STATES OF AMERICA,  )
                           )
       Respondent.         )

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

### Background

On October 29, 2013, movant pled guilty to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). On February 11, 2014, the Court sentenced movant to a total term of ninety-two (92) months' imprisonment and four years of supervised release. Movant failed to appeal his conviction or sentence.

Movant placed the instant motion to vacate, set aside or correct his sentence brought pursuant to 28 U.S.C. § 2255 in the prison mailing system on November 9, 2020.

### Discussion

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that under the general statute of limitations, pursuant to 28 U.S.C. § 2255(f)(1), this action would be time-barred. Movant failed to appeal his conviction and sentence, thus his unappealed criminal judgment became final on February 25, 2014. *See Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005) (an unappealed criminal judgment becomes final when the time for filing a direct appeal expires); *see also* Fed. R. App. Proc. 4(b)(1)( In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.).

Movant states that his motion relates to the new Supreme Court case, *Rehaif v. United States*, 139 S.Ct. 2191 (2019), and therefore, his motion to vacate is timely under 28 U.S.C. § 2255(f)(3).

The Supreme Court held in *Rehaif* that under § 922(g)(5)(A), a person "illegally or unlawfully in the United States," must know of both this status and his or her possession of a firearm to "knowingly violate []" the ban in 18 U.S.C. § 922(g) on certain categories of persons possessing firearms. Justice Breyer's opinion for the majority of the Supreme Court reversed the Eleventh Circuit's holding that the "knowingly" element applied only to the possession of the firearm. 139 S.Ct. at 2194. Thus, the Supreme Court held, the word "knowingly" applies to the "possession element" in the statute, as well as the "status element." The Supreme Court concluded that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

This Court is unable to address whether *Rehaif* substantively applies to his criminal convictions because although *Rehaif* is a "newly recognized right" by the Supreme Court, it was decided on June 21, 2019. And as noted above, movant filed his motion to vacate on November 9, 2020; thus, his motion was filed approximately one-hundred and forty-two (142) days too late to assert claims under *Rehaif*.

To that end, movant's § 2255 appears to be untimely. Movant shall have twenty-one (21) days to show cause why the instant motion should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that respondent's motion to dismiss is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed.

Dated this 9th day of December, 2020.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE