**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LAWRENCE HOWARD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:20-CV-1632 JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on movant's response to the Order to Show Cause issued on December 9, 2020. In the Order to Show Cause, the Court requested movant to respond as to why this matter should not be dismissed as time-barred. Movant responded on January 4, 2020, that his untimely filing should be excused by the Covid-19 pandemic. After reviewing the record, the Court will dismiss this action as time-barred.

### **Background**

On October 29, 2013, movant pled guilty to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(l) and 924(a)(2) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(l) and 841(b)(l)(B). On February 11, 2014, the Court sentenced movant to a total term of ninety-two (92) months' imprisonment and four years of supervised release. Movant failed to appeal his conviction or sentence.

Movant placed the instant motion to vacate, set aside or correct his sentence brought pursuant to 28 U.S.C. § 2255 in the prison mailing system on November 9, 2020.

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that under the general statute of limitations, pursuant to 28 U.S.C. § 2255(f)(1), this action would be time-barred. Movant failed to appeal his conviction and sentence, thus his unappealed criminal judgment became final on February 25, 2014. *See Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005) (an unappealed criminal judgment becomes final when the time for filing a direct appeal expires); *see also* Fed. R. App. Proc. 4(b)(1)( In a criminal case, a defendant's notice of appeal must be filed in the district court

within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.).

Movant states that his motion relates to the new Supreme Court case, *Rehaif v. United States*, 139 S.Ct. 2191 (2019), and therefore, his motion to vacate is timely under 28 U.S.C. § 2255(f)(3).

The Supreme Court held in *Rehaif* that under § 922(g)(5)(A), a person "illegally or unlawfully in the United States," must know of both this status and his or her possession of a firearm to "knowingly violate []" the ban in 18 U.S.C. § 922(g) on certain categories of persons possessing firearms. Justice Breyer's opinion for the majority of the Supreme Court reversed the Eleventh Circuit's holding that the "knowingly" element applied only to the possession of the firearm. 139 S.Ct. at 2194. Thus, the Supreme Court held, the word "knowingly" applies to the "possession element" in the statute, as well as the "status element." The Supreme Court concluded that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

This Court is unable to address whether *Rehaif* substantively applies to his criminal convictions because although *Rehaif* is a "newly recognized right" by the Supreme Court, it was decided on June 21, 2019. And as noted above, movant filed his motion to vacate on November 9, 2020; thus, his motion was filed approximately one-hundred and forty-two (142) days too late to assert claims under *Rehaif*. It was due to this Court no later than June 21, 2020.

Movant can be understood to claim entitlement to equitable tolling, pursuant to which the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996

3

("AEDPA") may be tolled if a movant demonstrates (1) he has been diligently pursuing his rights, and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida,* 560 U.S. 631, 649 (2010), *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013). The Eighth Circuit has recognized that the doctrine of equitable tolling applies to motions filed under § 2255. *U.S. v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005).

Equitable tolling is an extraordinary remedy used only in rare circumstances, and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d at 803, 805 (8th Cir. 2001). Application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

In the case at bar, movant makes no effort to demonstrate that he has been diligently pursuing his rights. He does not claim to have taken any action to pursue his rights prior to initiating this case, nor does he explain when he learned of the facts giving rise to his claims or attempt to show he could not have discovered such facts through reasonable diligence within the one-year limitations period. Because movant cannot demonstrate he was diligently pursuing his rights, he cannot demonstrate entitlement to equitable tolling. *See Holland,* 560 U.S. at 649 and *Muhammad*, 735 F.3d at 815.

Movant contends that the COVID-19 pandemic prevented him from fully presenting his claims until he placed his brief in the prison mailing system on November 9, 2020, nearly five months later. In his response brief, he specifically states, "because of the Covid-19 virus, his compound has been locked down most of the time since April, 2020. As such, Howard has not had

4

access to legal resources or the law library in order to research, prepare and perfect a timely § 2255 motion with regard to *Rehaif*."

But the pandemic did not manifest in this country until mid-March, 2020. Movant does not explain why he was unable to research and present his claims in the approximately ten months between June 21, 2019 when *Rehaif* was decided and his purported lock down in April of 2020 for the pandemic. He has not established that he was pursuing his rights diligently and that equitable tolling is warranted.

AEDPA's limitation period is subject to equitable tolling, but that doctrine "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). It "is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). The prisoner seeking equitable tolling must also establish "that he has been pursuing his rights diligently." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (quoting Holland, 560 U.S. at 649). An unrepresented prisoner's allegations of "a lack of legal knowledge or legal resources" do not suffice. *Kreutzer*, 231 F.3d at 463.

Courts have concluded that the COVID-19 pandemic "could—in certain circumstances—conceivably warrant equitable tolling" for § 2255 motions. *United States v. Haro*, No. 8:18CR66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020). These "certain circumstances" involve defendants who had been pursuing their rights diligently and would have timely filed if not for external obstacles caused by COVID-19. The District of Nevada, for example, granted a defendant's COVID-19-based request for equitable tolling because the pandemic had, among other things, halted ongoing investigations and prevented counsel from obtaining necessary court

5

records. *See Dunn v. Baca*, No. 3:19-CV-702 MMD-WGC, 2020 WL 2525772, at *2 (D. Nev. May 18, 2020). But the court in that case had "little to no doubt that [the defendant and his counsel were] pursuing [the defendant's] rights diligently." *Id.*; *see also Cowan v. Davis*, No. 1:19-CV-00745-DAD, 2020 WL 4698968 (E.D. Cal. Aug. 13, 2020).

In several cases, § 2255 petitioners have sought equitable tolling due to prison lockdowns and the closure of prison law libraries as a result of COVID-19. In those cases, "prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion" prior to the lockdown. *United States v. Lionel Thomas*, No. CR 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020); *see also United States v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (assuming a COVID-19-related lockdown "delayed defendant's ability to file his motion," but concluding equitable tolling was unwarranted because the defendant did not demonstrate he diligently pursued his claims).

The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis. The movant must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *United States v. Henry*, No. 2:17-CR-180, 2020 WL 7332657 (W.D. Pa. Dec. 14, 2020).

Here, "in light of the particular circumstances" of this case, there is no basis for equitable tolling. Movant has not established that he was pursuing his rights diligently, or that the COVID-19 pandemic blocked him from doing so.

Having determined that the motion was untimely filed, and having considered movant's response, the Court will dismiss the motion pursuant to Rule 4(b) of the Rules Governing Section

6

2255 proceedings in the United States District Courts. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (a district court may consider, on its own initiative, whether a habeas action is time-barred, but must provide notice to the movant before dismissing it as such).

First, movant fails to show he diligently pursued his right to file a § 2255 motion. In fact, he is completely silent as to any action at all that he took prior to the pandemic. There were at least nine (9) pandemic-free months of the one-year limitation period in which movant seemingly did nothing in pursuit of filing his motion, at least nothing that the record reflects. Thus, there is no basis presented for the Court to conclude that movant was at any point prior to filing acting to pursue his right to file a § 2255 motion.

Second, movant fails to show that an "extraordinary circumstance" prevented him from timely filing. Movant raises COVID-19 as the reason the Court should allow equitable tolling. Even assuming that generally COVID-19 is an "extraordinary circumstance" that could warrant equitable tolling in certain circumstances, movant offers no explanation for how the pandemic impeded his ability to pursue his rights. Instead, he states only that he has been unable to access the law library during the Covid-19 lockdowns. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004); *see also*, *Kreutzer,* 231 F.3d at 463 (holding that even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted); (refusing to toll when library access was limited; *United States v. Preston*, No. CR 12-138, 2019 WL 5150949, at *2 (E.D. La. Apr. 8, 2019) (Vance, J.) (refusing to toll when library access was limited during

7

the eighth month of the § 2255 one-year period because the prisoner admitted that he had some access to the library before the one-year period expired); *United States v. Johnson*, No. 4:16CR69(1), 2018 WL 2939496, at *2 (E.D. Tex. June 11, 2018) ("[G]enerally, neither Defendant's time in state custody, nor the prison lockdown, considered independently or in conjunction, constitutes one of those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'") (quoting *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008)).

Because movant fails to establish that he diligently pursued his rights and fails to establish that an extraordinary circumstance prevented him from timely filing his § 2255 motion, the Court concludes that there is no basis to invoke equitable tolling. As a result, movant's motion is time-barred and subject to dismissal.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Movant herein has made no such showing, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255 is **DENIED AND DISMISSED AS TIME-BARRED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order

Dated this 5th day of February, 2021.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**